*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* M. M. HOLCOMB, Minor.

UNPUBLISHED
February 15, 2024

No. 366476
Wayne Circuit Court
Family Division
LC No. 2021-000491-NA

Before: GADOLA, C.J., and BORRELLO and BOONSTRA, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating his parental rights to his minor child, MMH, under MCL 712A.19b(3)(b)(*i*) (parent's act caused sexual abuse and the court finds likelihood that child may suffer from injury in the foreseeable future if placed in parent's home), MCL 712A.19b(3)(g) (failure to provide proper care or custody), MCL 712A.19b(3)(j) (reasonable likelihood of harm if returned to parent), MCL 712A.19b(3)(k)(*ii*) (the parent abused the child, the abuse included criminal sexual conduct involving penetration, and there is a reasonable likelihood that the child will be harmed if returned to care of the parent), and (k)(*ix*) (the parent abused the child, the abuse included sexual abuse, and there is a reasonable likelihood that the child will be harmed if returned to care of the parent). We affirm.

## I. FACTS

The trial court acquired jurisdiction over MMH following the authorization of the Michigan Department of Health and Human Services's (DHHS) petition for permanent custody alleging that respondent father sexually abused MMH. The mother of MMH was not a respondent in this matter. MMH remained in her mother's care during and after the termination proceedings against respondent father.

On December 6, 2022, a Children's Protective Services (CPS) case worker filed a permanent custody petition on behalf of petitioner in Wayne Circuit Court requesting that the trial court take jurisdiction over MMH under MCL 712A.2(b)(1) (failure to provide proper care and custody due to neglect or abandonment), and (2) (unfit home environment due to neglect), remove MMH from respondent's care, and enter an order terminating respondent's parental rights to MMH under MCL 712A.19b(3)(b)(*i*), MCL 712A.19b(3)(g), MCL 712A.19b(3)(j), and MCL 712A.19b(3)(k)(*ii*) and (k)(*ix*). The petition alleged that respondent sexually abused MMH on

-1-

July 26, 2022, when respondent "put his finger in her vagina" to check to see if she was sexually active. A complaint regarding the incident was received by CPS on September 6, 2022. The complaint stated that respondent went to say goodnight to MMH and "found her masturbating while on [F]ace[T]ime with an unknown person." Respondent then pushed open MMH's legs, and put his finger in her vagina. The petition stated that MMH's mother was informed of the incident on September 5, 2022, by the mother of MMH's boyfriend. The mother of MMH's boyfriend went to the home of MMH's mother and told her that MMH had confided in her son that she was "fingered" by respondent. MMH was taken to a hospital for a sexual abuse examination on September 5, 2022, but the examination was unable to be conducted because of the lapse of time since the incident. The abuse was reported to the Detroit Police Department on September 5, 2022. The petition further stated that on September 14, 2022, MMH participated in a forensic interview. At the interview, MMH said that respondent put his finger in her vagina and then said that "someone's been there." MMH then said respondent told her to hug him, which she did while only wearing a t-shirt and bra, no underwear. The trial court authorized the petition and suspended respondent's parenting time.

On March 6, 2023, the trial court found by a preponderance of the evidence that MMH came within the jurisdiction of the court under MCL 712A.2(b) as to respondent. The court reasoned that respondent "has failed to provide necessary support and care for the child and provided an unfit home. The child is at substantial risk of harm to her mental well-being…." The court expressed to respondent's counsel that proper care and support included not inappropriately disciplining or sexually abusing a child, and that the court was not finding that respondent was financially unable to care for MMH. MMH testified to the abuse as described in the petition, and the trial court found her to be "enormously credible, 100 percent credible."

The court concluded that there was penetration of MMH's vagina and whether it was for sexual gratification or not, respondent "does not respect boundaries. He does not know how to discipline a child or how to deal appropriately with children…." The court also concluded that there was clear and convincing evidence of grounds for termination of respondent's parental rights under MCL 712A.19b(3)(b)(*i*), (g), (j), (k)(*ii*), and (k)(*ix*) because of the sexual abuse MMH had suffered from at the hands of respondent. Specifically, the court's order of adjudication stated:

> There is clear and convincing evidence of grounds for termination of the father's rights under MCL 712A.19b(3)(b)(*i*), (g), (j), (k)(*ii*), and (k)(*ix*). Under (b) the child has suffered sexual abuse by her father and there is a reasonable likelihood that the child will suffer abuse in the foreseeable future if placed with the father. He repeatedly denied the abuse and attempted to blame and embarrass the child to Ms. Hernandez. Under (g) the father failed to provide proper care and custody for [MMH] by abusing her and there is no reasonable expectation that the father will be able to provide proper care within a reasonable time. Under (j) there is a reasonable likelihood based upon the father's sexual abuse of [MMH] that she will be harmed if returned to him. Under (k)(*ii*) and (*ix*) the father sexually abused [MMH] including penetration.

On April 21, 2023, following a "best interest hearing," the court terminated respondent's parental rights, finding termination was in MMH's best interests by a preponderance of the evidence. The court did not find respondent's contention that MMH's mother forced MMH to

make these disclosures to be credible. Respondent felt that MMH's mother was jealous of his new partner, but the court noted that according to MMH's testimony, her mother only raised the issue once she learned about it from the mother of MMH's boyfriend more than a month later. The court reasoned that it would not make sense for MMH's mother to be jealous of respondent and his new partner after all this time when his oldest child with his new partner was already six years old. Instead, the court found MMH to be "fully credible" and that "there was zero evidence that she had been put up to making her disclosures." The court agreed with the clinician assigned to the case who determined that the sexual abuse allegations against respondent "present an ongoing concern for [MMH's] safety." The court also agreed with the clinician's finding that respondent's response to MMH's behavior was extreme and raised concerns of his "judgement, decision making, and impulsiveness." While it was unclear whether respondent's actions were done for disciplinary reasons or for sexual gratification, the court found either would be "inappropriate" and "bizarre."

On appeal, respondent argues that the trial court clearly erred when it determined that there were statutory grounds to terminate his parental rights because petitioner failed to present clear and convincing evidence to meet its burden under MCL 712A.19b(3)(b)(*i*), (g), (j), (k)(*ii*), and (k)(*ix*). Respondent also argues that it is not in MMH's best interests for his parental rights to be terminated because he was not given the opportunity to complete a treatment plan, this is the first time he has been accused of sexual abuse, MMH is still living with her mother and not being placed for adoption, and he has a good relationship with MMH, despite the allegations. We disagree with respondent's arguments and conclude that there was clear and convincing evidence to terminate respondent's parental rights under MCL 712A.19b(3)(b)(*i*), (g), (j), (k)(*ii*), and (k)(*ix*), and did not clearly err when it determined that termination was in the best interests of MMH.

## II. STATUTORY GROUNDS

Respondent argues that the trial court clearly erred when it determined that the DHHS presented clear and convincing evidence to support termination of his parental rights under MCL 712A.19b(3)(b)(*i*), (g), (j), (k)(*ii*), and (k)(*ix*). We disagree.

"To terminate parental rights, a trial court must find by clear and convincing evidence that at least one statutory ground under MCL 712A.19b(3) has been established." *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013). This Court reviews a trial court's factual findings and ultimate determinations on the statutory grounds for termination for clear error. *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004).

The clear and convincing evidence standard is "the most demanding standard applied in civil cases[.]" *In re Pederso*n, 331 Mich App 445, 472; 951 NW2d 704 (quotation marks and citation omitted).

> Evidence is clear and convincing if it produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the factfinder to

come to a clear conviction, without hesitancy, of the truth of the precise facts in issue. [*Id.* (citation omitted).]

The trial court "may take into consideration any evidence that had been properly introduced and admitted at the adjudication trial… along with any additional relevant and material evidence that is received by the court at the termination hearing . . . ." *In re Mota*, 334 Mich App 300, 316; 964 NW2d 881 (2020).

## A. MCL 712A.19b(3)(b)(*i*)

MCL 712A.19b(3)(b)(*i*) provides for termination of parental rights under the following set of circumstances:

(b) The child or a sibling of the child has suffered physical injury or physical or sexual abuse under 1 or more of the following circumstances:

(*i*) The parent's act caused the physical injury or physical or sexual abuse and the court finds that there is a reasonable likelihood that the child will suffer from injury or abuse in the foreseeable future if placed in the parent's home.

Throughout the entirety of the proceedings, details of respondent's alleged sexual abuse of MMH remained consistent. Petitioner's permanent custody petition described how MMH told forensic interviewers that respondent stuck his finger inside of her vagina as his way of determining whether she was sexually active. At trial, the court heard testimony from MMH and she confirmed what she told the forensic interviewers. The trial court found MMH to be a credible witness and concluded that there was clear and convincing evidence to show that respondent had sexually abused her. The trial court also heard testimony from CPS workers that believed respondent created a risk of future harm to MMH.

Respondent argues that the sexual abuse allegations are untrue, that he has not been incarcerated for the allegations, and that he has a good relationship with MMH. The trial court, however, found that that there was a reasonable likelihood that the child would suffer from injury or abuse in the foreseeable future if placed in respondent's home because his behavior was extreme, bizarre, and inappropriate, no matter his reasons for acting in this way. It also determined that respondent repeatedly tried to blame and embarrass MMH when speaking with CPS workers.

We conclude that the trial court did not err in concluding there was a statutory ground to terminate respondent's parental rights under MCL 712A.19b(3)(b)(*i*). The trial court properly weighed the evidence and made the reasonable determination that MMH was sexually abused by respondent, and that MMH would likely suffer abuse in the future if respondent was allowed to maintain his parental rights. Therefore, the trial court did not clearly err when it found clear and convincing evidence to terminate respondent's parental rights under MCL 712A.19b(3)(b)(*i*).

## B. MCL 712A.19b(3)(g)

To terminate parental rights under MCL 712A.19b(3)(g), DHHS must demonstrate that "[t]he parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to

provide proper care and custody within a reasonable time considering the child's age." MCL 712A.19b(3)(g).

Respondent argues that clear and convincing evidence was not shown to prove he is unable to provide proper care for MMH. However, petitioner presented evidence of respondent's sexual abuse through the testimony of MMH and CPS case workers. MMH testified that she had lived off and on with respondent and that during the previous school year, she lived with him for a portion of the year and then lived with him on weekends without issues. The trial court concluded that respondent failed to provide proper care and custody for MMH when he sexually abused her and there was no expectation that he would be able to provide proper care within a reasonable time. The trial court made clear to respondent that it was not finding him to be financially unable to support MMH, and instead was finding he was unable to support and care for her because of his inappropriate and extreme behavior involving sexual abuse.

The trial court did not err in concluding there were statutory grounds to terminate respondent's parental rights under MCL 712A.19b(3)(g). The trial court properly weighed the evidence and made the reasonable determination that, despite respondent's apparent ability to financially support MMH, there were no indications that respondent would be able to provide MMH proper care in the future after he sexually abused her. Therefore, the trial court did not clearly err when it found clear and convincing evidence to terminate respondent's parental rights under MCL 712A.19b(3)(g).

## C. MCL 712A.19b(3)(j)

A trial court may terminate parental rights under MCL 712A.19b(3)(j) if it finds by clear and convincing evidence that "[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent." MCL 712A.19b(3)(j). Termination is proper pursuant to MCL 712A.19b(3)(j) if there is a potential of physical or emotional harm to the children. *In re Hudson*, 294 Mich App 261, 268; 817 NW2d 115 (2011).

Respondent argues that he did not sexually abuse MMH, that he has always taken good care of her, and that there have not been any other sexual abuse allegations in the past. Petitioner, however, presented evidence at trial that showed the sexual abuse did in fact occur, and that MMH needed trauma counseling because of the abuse. Additionally, MMH told CPS workers that she did not want to see respondent.

The trial court did not err in concluding there were statutory grounds to terminate respondent's parental rights under MCL 712A.19b(3)(j). MMH's testimony that respondent put his finger in her vagina was clear and convincing evidence that there is a reasonable likelihood that she would be harmed if returned to respondent's home based on his prior conduct. Not only would MMH be subject to potential physical harm, she would be subject to continued emotional harm by being placed in a home with her abuser, for which she already receives counseling. If respondent is allowed to retain his parental rights, it would risk further emotional harm to MMH. Therefore, the trial court did not clearly err when it found clear and convincing evidence to terminate respondent's parental rights under MCL 712A.19b(3)(j). Because we find that at least one statutory ground for termination existed, we need not consider the additional grounds upon

which the trial court based its decision. *In re HRC*, 286 Mich App 444, 461; 781 NW2d 105 (2009). See also *Moss*, 301 Mich App at 80 ("To terminate parental rights, a trial court must find by clear and convincing evidence that at least one statutory ground under MCL 712A.19b(3) has been established.").

## III. BEST INTERESTS

Respondent argues that the trial court clearly erred when it determined that termination of his parental rights was in the best interests of MMH under MCL 712A.19b(5). We disagree.

"Even if the trial court finds that [DHHS] has established a ground for termination by clear and convincing evidence, it cannot terminate the parent's parental rights unless it also finds by a preponderance of the evidence that termination is in the best interests of the children." *In re Gonzales/Martinez*, 310 Mich App 426, 434; 871 NW2d 868 (2015). This Court reviews a trial court's best-interests determination for clear error. *In re Sanborn*, 337 Mich App 252, 276; 976 NW2d 44 (2021). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *BZ*, 264 Mich App at 296-297.

"If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5). In making its determination, the trial court should weigh all of the evidence available to it and may consider the following:

> [T]he child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. Other considerations include the length of time the child was in care, the likelihood that the child could be returned to her parents' home within the foreseeable future, if at all, and compliance with the case service plan. [*In re Atchley*, 341 Mich App 332, 346-347; 990 NW2d 685 (2022) (quotation marks and citation omitted).]

Moreover, "[a] child's placement with relatives is a factor that the trial court is required to consider." *Gonzales/Martinez*, 310 Mich App at 434. While placement with a relative weighs against termination, it is not dispositive because a trial court "may terminate parental rights in lieu of placement with relatives if it finds that termination is in the child's best interests." *In re Olive/Metts Minors*, 297 Mich App 35, 43; 823 NW2d 144 (2012).

Respondent argues that it is not in MMH's best interests for his parental rights to be terminated because he was not given the opportunity to complete a treatment plan, this is the first time he has been accused of sexually abusing one of his children, MMH is still living with her mother and not being placed for adoption, and he has a good relationship with MMH, despite the allegations.

The trial court did not clearly err when it determined that termination of respondent's parental rights was in MMH's best interests. The trial court carefully reviewed the evidence

presented by both parties and determined that it was in MMH's best interests to terminate respondent's parental rights because he sexually abused her. The trial court concluded that respondent's actions were extreme and that they raised questions about his judgement. The court took note of the testimony from CPS case workers that said MMH did not want to see respondent and had no desire to be reunified with him. The court also took issue with respondent placing blame for the incident on MMH's mother. The trial court found that respondent would be a danger to any child in his care. Thus, the trial court found that a preponderance of the evidence demonstrated it was in MMH's best interests to terminate respondent's parental rights, notwithstanding MMH being in her mother's custody. See *Gonzales/Martinez*, 310 Mich App at 434 (a trial court must consider a minor child's placement with relatives).

We conclude that the trial court did not clearly err when it found terminating respondent's parental rights to be in MMH's best interests.

Affirmed.

/s/ Michael F. Gadola
/s/ Stephen L. Borrello
/s/ Mark T. Boonstra